UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 09 cv 00256 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| ASPN INSURANCE AGENCY, LLC | ) | |
| and AON BENFIELD, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Sharon Hall, filed suit against Defendants, ASPN Insurance Agency, LLC and

Aon Benfield, Inc ("Defendants"), alleging race and age discrimination. Presently pending

before the Court is Defendants' Motion for Summary Judgment.

## BACKGROUND

Hall, an African-American female, began her employment with ASPN as a marketing

specialist in January 2006. (Def.s' 56.1(a) Statement ¶ 1.) On July 20, 2006, Hall was

terminated from her employment with ASPN. (*Id.* ¶ 2.) In November 2006, Hall filed a Charge

of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against

ASPN, alleging she was terminated on account of her race and age. (*Id.* ¶ 3.) On

October 30, 2007, while her EEOC complaint was pending, Hall, through an attorney, filed a

Chapter 13 Bankruptcy petition in the Northern District of Illinois. (*Id.* ¶ 4.) As part of her

bankruptcy petition, Hall was required to list all of her personal property on a form entitled

"Schedule B to Petition." (*Id.* ¶ 7.) Questions 21 and 35 on the Schedule B form require the

debtor to list and value "other contingent and unliquidated claims of every nature . . ." and "other personal property of any kind not already listed." In response to these questions, Hall indicated "none." (*Id.* ¶ 8.) Additionally, as part of her bankruptcy petition, Hall was required to fill out a "Statement of Financial Affairs," which required her to list "all suits and administrative proceedings to which [she] is or was a party within one year immediately preceding the commencement of [her bankruptcy] case." (*Id.* ¶ 10.) Hall did not list her Charge of Discrimination filed at the EEOC in her petition. She did, however, list a pending Cook County Circuit Court case, *Washington Mutual vs. Sharon Hall*, 07-M1-126340. (*Id.* ¶ 11.) Hall signed a certification under penalty of perjury that her disclosures on the Schedule B form and in the Statement of Financial Affairs were true and correct. (*Id.* ¶ 9.) On January 28, 2008, the Bankruptcy Court entered an Order confirming Hall's Chapter 13 Payment Plan. (*Id.* ¶ 14.) On January 13, 2009, Hall filed a motion to modify this plan but still did not disclose any pending claims. (*Id.* ¶ 15-16.) Two days later, Hall delivered her first Complaint in this case. (*Id.* ¶ 15.) Hall concedes that she inappropriately failed to disclose her EEOC complaint but contends that her omission was unintentional.

Hall moved to amend her schedules and disclose the instant lawsuit on November 24, 2009, the same day that Defendants moved for summary judgment. (Pl. 56.1 Resp. ¶ 7.) On February 4, 2010, the bankruptcy court modified Halls' Chapter 13 Plan, providing that any non-exempt proceeds realized by Hall in this suit shall be turned over to the Chapter 13 Trustee.

## LEGAL STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). All of the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## ANALYSIS

Defendants assert they are entitled to summary judgment because Hall lacks standing to pursue her discrimination claims and on the theory of judicial estoppel. In support of this argument, Defendants assert that Hall's race and age claims do not belong to her but rather are the property of the bankruptcy estate. Alternatively, Defendants argue that if Hall does have standing to pursue her claims, she is now judicially estopped from pursuing them because of her failure to disclose her claims in her bankruptcy petition.

### *Standing*

Under § 541 of the Bankruptcy Code, all of a debtor's property, which includes legal claims, become part of the bankruptcy estate at the time of filing. *See 11 U.S.C. § 541 (a)(1)*; *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) (*Cannon-Stokes*) ("the estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims . . ."). In Chapter 13 bankruptcy, the

debtor remains in possession of all property of the estate. *See 11 U.S.C. § 1306(b)*. The trustee

and the debtor in possession have concurrent standing to pursue any action on behalf of the

estate. Fed.R.Bankr.P. 6009; *see also Cable v. Ivy Tech State College*, 200 F.3d 467, 472-73 (7th

Cir. 1999) (Chapter 13 debtor cannot bring claims for the personal benefit of the debtor but rather

on behalf and for the benefit of the estate).

As noted above, prosecution of this suit is now for the benefit of the Chapter 13 estate.

Therefore, she has standing. *See Calvin v. Potter*, 2009 U.S. Dist. LEXIS 73862 (*Calvin*) (a

Chapter 13 debtor-in-possession has concurrent standing with the bankruptcy trustee to pursue

legal claims *on behalf of the estate*) (emphasis in original).

*Judicial Estoppel*

The doctrine of judicial estoppel's "purpose is to protect the integrity of the judicial

process by prohibiting parties from deliberately changing positions according to the exigencies of

the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (*New Hampshire*)

(internal citation and quotations omitted). It is applied to prevent litigants from "playing fast and

loose with the courts." *In re Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990) (*Cassidy*). Judicial

estoppel may apply if "(1) the later position is clearly inconsistent with the earlier position;

(2) the facts at issue are the same in both cases; (3) the party to be estopped convinced the first

court to adopt its position; and (4) the party seeking to assert an inconsistent position would

derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."

*New Hampshire*, 532 U.S. at 751.

Defendants cite *Cannon-Stokes* in support of their position that Hall is barred by judicial estoppel from pursuing her discrimination claims. In *Cannon-Stokes*, the plaintiff filed for bankruptcy and failed to inform the bankruptcy court of a pending administrative claim. *Id.* at 447. The court applied judicial estoppel to prevent the plaintiff from pursuing her undisclosed claims. *Id.*

This case, however, is distinguishable from *Cannon-Stokes* on several grounds. First, unlike the plaintiff in *Cannon-Stokes*, Plaintiff moved to modify her bankruptcy plan to include her undisclosed claims. The *Cannon-Stokes* court itself recognized that this action might be significant. *Cannon-Stokes*, 453 F.3d at 448 ("if Cannon-Stokes were really making an honest attempt to pay her debts, then as soon as she realized that it had been omitted, she would have filed amended schedules and moved to reopen the bankruptcy, so that the creditors could benefit from any recovery"). Second, since the bankruptcy court has modified Plaintiff's Chapter 13 Plan, any recovery in this case will be to the benefit of Plaintiff's creditors. By contrast, *Cannon-Stokes* dealt with a situation in which the bankruptcy trustee had abandoned the claims and only the plaintiff would have benefitted from a favorable result. *Id.* at 448. Thus, unlike in *Cannon-Stokes*, it would be Plaintiff's creditors who would be injured through application of judicial estoppel. As noted by the *Cannon-Stokes* court, judicial estoppel is an equitable doctrine. In this case, it is not equitable to penalize Plaintiff's creditors based on what was possibly an innocent mistake by Plaintiff. *See Swearingen-El v. Cook County Sheriff's Dept.*, 456 F. Supp. 2d 986 (N.D. Ill. 2006) (judicial estoppel not warranted where defendants could not show plaintiff intended to deceive bankruptcy court and plaintiff was pursuing suit on behalf of her creditors).

# CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is denied.

Dated: February 26, 2010

JOHN W. DARRAH
United States District Court Judge